**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**FELIPE FRANCO,**

      Petitioner,

      v.                                **CIVIL ACTION NO.  2:18cv00638**

**HAROLD W. CLARKE, Director,
Virginia Department of Corrections,**

      Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Felipe Franco's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254 and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss.  ECF Nos. 1, 13.  The matter was referred for disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.  The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J).  For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, be **GRANTED** and the Petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2003, the Circuit Court for the County of Arlington (the "Trial Court")
sentenced Petitioner to twenty-seven years imprisonment and a $225,000 fine upon his conviction
by jury trial of distributing cocaine and conspiracy to distribute cocaine. ECF No. 15 at 1.
Petitioner appealed his conviction to the Court of Appeals of Virginia, which affirmed the
judgment in an unpublished opinion on February 10, 2004. ECF No. 15, attach. 2 at 5. Petitioner
subsequently appealed to the Supreme Court of Virginia. *Id.* The Supreme Court of Virginia
refused the petition for appeal on August 23, 2004. *Id.* at 6.

On February 17, 2005, Petitioner filed his first state petition for writ of habeas corpus in
the Trial Court, alleging ineffective assistance of counsel. *Id.* Initially, the Trial Court dismissed
the petition *sua sponte*, holding it was time-barred by Virginia Code § 8.01-654(A)(2), but on
April 12, 2005, vacated that decision and directed Respondent to answer. *Id.* at 6-7. The Trial
Court dismissed the petition on the merits on June 9, 2005, because the Petitioner failed to prove
deficient performance or prejudice. *Id.* at 6. Neither Petitioner nor Respondent received the order
until August 9, 2005, because the clerk of the Trial Court did not timely mail a copy of the order.
*Id.* at 7-8. Petitioner appealed to the Court of Appeals of Virginia on August 23, 2005, arguing
that the Trial Court did not timely mail the June 2005 dismissal order. *Id.* at 8. The Court of
Appeals dismissed the appeal on October 7, 2005, because the appeal was not timely pursuant to
Rule 5A:6(a). *Id.* Petitioner appealed to the Supreme Court of Virginia on October 18, 2005. *Id.*
The Supreme Court of Virginia dismissed the petition on February 16, 2006, because the petition
did not contain assignments of error as required by Rule 5:17(c). *Id.* at 8-9.

On May 25, 2006, Petitioner filed his first federal petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254 in this Court, claiming ineffective assistance of counsel at trial. ECF

No. 15, attach. 1 at 1.  This Court dismissed the petition with prejudice on February 21, 2007, on the grounds that Petitioner failed to show that the Trial Court's dismissal of his claim on the merits was either factually or legally unreasonable.  ECF No. 15, attach. 2 at 1-3.  Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which dismissed his appeal on September 19, 2007.  ECF No. 15, attach. 3.

On May 25, 2006, Petitioner asked the Trial Court for leave to amend a motion to vacate that he had previously filed, and convert it to a habeas corpus petition.  ECF No. 15 at 3.  On March 4, 2011, the Trial Court granted the motion to amend, stating that the petition was timely filed, and entered an order *sua sponte* denying and dismissing the habeas petition as time-barred by Virginia Code § 8.02-654(A)(2).  *Id.* at 3-4.  Petitioner appealed to the Supreme Court of Virginia, which refused his petition on October 5, 2011.  *Id.* at 4.

On November 28, 2018, Petitioner filed the instant *pro se* Petition in the United States District Court for the Western District of Virginia, Roanoke Division.  ECF No. 1.  On November 29, 2018, the Petition was transferred to this Court.  ECF No. 3.  Petitioner alleges prosecutorial misconduct for plain error of constitutional dimensions; prosecutorial misconduct for use of false, incomplete, or unfounded evidence; prejudicial error by the court for not properly monitoring the conduct of an attorney; and ineffective assistance of counsel.  ECF No. 1 at 3, 5-7, 9-10.

The Attorney General of Virginia, acting on behalf of the Respondent, filed a Rule 5 response, a Motion to Dismiss, a brief in support, and *Roseboro* notice on March 28, 2019.  ECF Nos. 13-16.  Petitioner filed a Response in Opposition on April 17, 2019.  Thus, the Motion to Dismiss is ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Failure to Obtain Authorization to File a Successive Federal Petition

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal district court may only entertain a second or successive petition after the petitioner "move[s] in the [Fourth Circuit] for an order authorizing th[is] [] [C]ourt to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without authorization from the Fourth Circuit, the court is devoid of jurisdiction to consider the claims, and the petition must be dismissed. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).

On May 25, 2006, Petitioner filed a previous petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court. *See* ECF No. 15, attach. 2 at 6; *Franco v. Johnson*, 2:06-cv-293 (E.D. Va.). This Court dismissed the petition on the merits with prejudice on February 21, 2007, on the grounds that the Petitioner failed to show the circuit court's dismissal of Petitioner's claim on the merits was either factually or legally unreasonable. ECF No. 15, attach. 2 at 2 (adopting and approving the Magistrate Judge's report and recommendation in full). On September 19, 2007, the United States Court of Appeals for the Fourth Circuit denied Petitioner's request for a certificate of appealability and dismissed Petitioner's appeal. ECF No. 15, attach. 3 at 1-3. Over twelve years after filing the previous petition, Petitioner filed the instant habeas petition in the United States District Court for the Western District of Virginia, Roanoke Division on November 28, 2018, ECF No. 1, which was ultimately transferred to this Court. ECF No. 3.

Before filing the instant Petition, however, Petitioner failed to first obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second, or successive, habeas petition, as the AEDPA requires him to do.[1] 28 U.S.C. § 2244(b)(3)(A). Without such

---

[1] ECF No. 15 at 5. There is no argument by Petitioner that the Fourth Circuit has authorized him to file a successive petition, nor is there any indication of such an authorization in PACER.

authorization from the United States Court of Appeals for the Fourth Circuit, this Court has no discretion to address the merits of Petitioner's claims, and must dismiss the petition on this basis alone. 28 U.S.C. §§ 2244(b)(1), (4). Therefore, the undersigned would find that this petition is a second, or successive, habeas petition filed by Petitioner without authorization from the United States Court of Appeals for the Fourth Circuit, and recommends that the petition be dismissed as an unauthorized filing.

## III. RECOMMENDATION

For these reasons, the undersigned recommends that the Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED**, and Petitioner's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to re-file another petition after he receives authorization from the United States Court of Appeals for the Fourth Circuit.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment

of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 20, 2019